UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| COMMUNITY ASSOCIATION UNDERWRITERS OF AMERICA, INC.<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC. AND BEST BUY A/K/A BEST BUY CO., INC.<br><br>Defendants. | Case No. 25-11361<br>Hon. Linda Parker<br>Mag. David R. Grand |

| DANIEL J. DE LUCA (P84821)<br>Attorney for Plaintiff<br>301 E. Germantown Pike, Third Floor<br>East Norriton, PA 19401<br>(215) 383-0081<br>ddeluca@delucalevine.com | VALERIE HENNING MOCK (P55572)<br>WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP<br>Attorneys for Defendant Samsung<br>17197 N Laurel Park Drive, Suite 201<br>Livonia, MI 48152<br>(313) 327-3100 | (313) 327-3101 [FAX]<br>valerie.mock@wilsonelser.com |
|---|---|

## **DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S ANSWER TO COMPLAINT**

Defendant, Samsung Electronics America, Inc. ("SEA" or "Defendant"), by and through its attorneys, Valerie Henning Mock and Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, hereby submits its Answer to Plaintiff's Complaint as follows:

1

## PARTIES

1. In answer to paragraph 1, Defendant SEA neither admits nor denies the allegations contained in this paragraph, lacking knowledge or information sufficient to form a belief as to the truth of the allegations and leaves Plaintiff to its proofs.

2. In answer to paragraph 2, Defendant SEA neither admits nor denies the allegations contained in this paragraph, lacking knowledge or information sufficient to form a belief as to the truth of the allegations and leaves Plaintiff to its proofs.

3. In answer to paragraph 3, Defendant SEA neither admits nor denies the allegations contained in this paragraph, lacking knowledge or information sufficient to form a belief as to the truth of the allegations and leaves Plaintiff to its proofs.

4. In answer to paragraph 4, Defendant SEA neither admits nor denies the allegations contained in this paragraph, lacking knowledge or information sufficient to form a belief as to the truth of the allegations and leaves Plaintiff to its proofs.

5. In answer to paragraph 5, Defendant SEA admits only that its principal place of business is in New Jersey, and Defendant SEA denies the remaining allegations. Defendant SEA states it is a New York corporation.

6. In answer to paragraph 6, Defendant SEA denies it is in the business of designing, assembling, manufacturing clothes dryers, and Defendant SEA admits it is in the business of selling, distributing, marketing, and placing into the stream of commerce certain home appliances, including clothes dryers. SEA neither admits nor denies the remaining allegations contained in this paragraph, lacking knowledge or information sufficient to form a belief as to the truth of the remaining allegations and leaves Plaintiff to its proofs.

7. In answer to paragraph 7, Defendant SEA neither admits nor denies the allegations contained in this paragraph, lacking knowledge or information sufficient to form a belief as to the truth of the allegations and leaves Plaintiff to its proofs.

8. In answer to paragraph 8, Defendant SEA neither admits nor denies the allegations contained in this paragraph, lacking knowledge or information sufficient to form a belief as to the truth of the allegations and leaves Plaintiff to its proofs.

## STATEMENT OF FACTS

9. In answer to paragraph 9, Defendant SEA neither admits nor denies the allegations contained in this paragraph, lacking knowledge or

information sufficient to form a belief as to the truth of the allegations and leaves Plaintiff to its proofs.

10. In answer to paragraph 10, Defendant SEA denies the allegations contained therein.

11. In answer to paragraph 11, Defendant SEA neither admits nor denies the allegations contained in this paragraph, lacking knowledge or information sufficient to form a belief as to the truth of the allegations and leaves Plaintiff to its proofs.

12. In answer to paragraph 12, Defendant SEA neither admits nor denies the allegations contained in this paragraph, lacking knowledge or information sufficient to form a belief as to the truth of the allegations and leaves Plaintiff to its proofs.

13. In answer to paragraph 13, Defendant SEA denies the allegations contained therein.

14. In answer to paragraph 14, Defendant SEA neither admits nor denies the allegations contained in this paragraph, lacking knowledge or information sufficient to form a belief as to the truth of the allegations and leaves Plaintiff to its proofs.

15. In answer to paragraph 15, Defendant SEA neither admits nor denies the allegations contained in this paragraph, lacking knowledge or

information sufficient to form a belief as to the truth of the allegations and leaves Plaintiff to its proofs.

## COUNT I – NEGLIGENCE V. DEFENDANTS

16. In answer to paragraph 16, SEA incorporates its responses to the preceding paragraphs as if fully set forth herein.

17. In answer to paragraph 17, Defendant SEA neither admits nor denies the allegations contained in this paragraph, as the allegations constitute legal conclusions. To the extent that any allegations are directed toward SEA, they are denied.

18. In answer to paragraph 18, Defendant SEA denies the allegations contained therein.

19. In answer to paragraph 19, Defendant SEA denies the allegations contained therein.

20. In answer to paragraph 20, Defendant SEA denies the allegations contained therein.

WHEREFORE, Defendant SEA respectfully requests that this Honorable Court dismiss Plaintiff's cause of action with prejudice and grant Defendant SEA costs, interest, and attorneys' fees so wrongfully incurred in the defense of this matter.

312121023v.1

## **COUNT II – STRICT LIABILTIY V. DEFENDANTS**

21. In answer to paragraph 21, SEA incorporates its responses to the preceding paragraphs as if fully set forth herein.

22. In answer to paragraph 22, Defendant SEA denies it is in the business of designing, assembling, manufacturing clothes dryers, and Defendant SEA admits it is in the business of selling, distributing, marketing, and placing into the stream of commerce certain home appliances, including clothes dryers. SEA neither admits nor denies the remaining allegations contained in this paragraph, lacking knowledge or information sufficient to form a belief as to the truth of the remaining allegations and leaves Plaintiff to its proofs.

23. In answer to paragraph 23, Defendant SEA denies the allegations contained therein.

24. In answer to paragraph 24, Defendant SEA neither admits nor denies the allegations contained in this paragraph, lacking knowledge or information sufficient to form a belief as to the truth of the allegations and leaves Plaintiff to its proofs.

25. In answer to paragraph 25, Defendant SEA denies the allegations contained therein, including subsections "a." through "e."

26. In answer to paragraph 26, Defendant SEA denies the allegations contained therein.

WHEREFORE, Defendant SEA respectfully requests that this Honorable Court dismiss Plaintiff's cause of action with prejudice and grant Defendant SEA costs, interest, and attorneys' fees so wrongfully incurred in the defense of this matter.

### COUNT III – BREACH OF WARRANTIES V. DEFENDANTS

27. In answer to paragraph 27, SEA incorporates its responses to the preceding paragraphs as if fully set forth herein.

28. In answer to paragraph 28, Defendant SEA neither admits nor denies the allegations contained in this paragraph, as the allegations constitute legal conclusions. To the extent that any allegations are directed toward SEA, they are denied. SEA further states it does not manufacture any products.

29. In answer to paragraph 29, Defendant SEA denies the allegations contained therein.

30. In answer to paragraph 30, Defendant SEA denies the allegations contained therein.

31. In answer to paragraph 31, Defendant SEA denies the allegations contained therein.

32. In answer to paragraph 32, Defendant SEA denies the allegations contained therein.

33. In answer to paragraph 33, Defendant SEA denies the allegations contained therein.

WHEREFORE, Defendant SEA respectfully requests that this Honorable Court dismiss Plaintiff's cause of action with prejudice and grant Defendant SEA costs, interest, and attorneys' fees so wrongfully incurred in the defense of this matter.

## COUNT IV – NEGLIGENCE V. BEST BUY

34. In answer to paragraph 34, SEA incorporates its responses to the preceding paragraphs as if fully set forth herein.

35. In answer to paragraph 35, Defendant SEA neither admits nor denies the allegations contained in this paragraph, as the allegations are not directed toward SEA. To the extent that any allegations are directed toward SEA, they are denied.

36. In answer to paragraph 36, Defendant SEA neither admits nor denies the allegations contained in this paragraph, as the allegations are not directed toward SEA. To the extent that any allegations are directed toward SEA, they are denied.

312121023v.1

37. In answer to paragraph 37, Defendant SEA neither admits nor denies the allegations contained in this paragraph, as the allegations are not directed toward SEA. To the extent that any allegations are directed toward SEA, they are denied.

38. In answer to paragraph 38, Defendant SEA neither admits nor denies the allegations contained in this paragraph, as the allegations are not directed toward SEA. To the extent that any allegations are directed toward SEA, they are denied.

WHEREFORE, Defendant SEA respectfully requests that this Honorable Court dismiss Plaintiff's cause of action with prejudice and grant Defendant SEA costs, interest, and attorneys' fees so wrongfully incurred in the defense of this matter.

## **COUNT V – BREACH OF WARRANTIES V. BEST BUY**

39. In answer to paragraph 39, SEA incorporates its responses to the preceding paragraphs as if fully set forth herein.

40. In answer to paragraph 40, Defendant SEA neither admits nor denies the allegations contained in this paragraph, as the allegations are not directed toward SEA. To the extent that any allegations are directed toward SEA, they are denied.

312121023v.1

41. In answer to paragraph 41, Defendant SEA neither admits nor denies the allegations contained in this paragraph, as the allegations are not directed toward SEA. To the extent that any allegations are directed toward SEA, they are denied.

42. In answer to paragraph 42, Defendant SEA neither admits nor denies the allegations contained in this paragraph, as the allegations are not directed toward SEA. To the extent that any allegations are directed toward SEA, they are denied.

43. In answer to paragraph 43, Defendant SEA neither admits nor denies the allegations contained in this paragraph, as the allegations are not directed toward SEA. To the extent that any allegations are directed toward SEA, they are denied.

44. In answer to paragraph 44, Defendant SEA neither admits nor denies the allegations contained in this paragraph, as the allegations are not directed toward SEA. To the extent that any allegations are directed toward SEA, they are denied.

45. In answer to paragraph 45, Defendant SEA neither admits nor denies the allegations contained in this paragraph, as the allegations are not directed toward SEA. To the extent that any allegations are directed toward SEA, they are denied.

WHEREFORE, Defendant SEA respectfully requests that this Honorable Court dismiss Plaintiff's cause of action with prejudice and grant Defendant SEA costs, interest, and attorneys' fees so wrongfully incurred in the defense of this matter.

## DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S AFFIRMATIVE DEFENSES

Defendant, Samsung Electronics America, Inc. ("SEA" or "Defendant"), by and through its attorneys, Valerie Henning Mock and Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, and for its Affirmative Defenses, states as follows:

1. Plaintiff has failed to state a cause of action upon which relief may be granted as to Defendant SEA.

2. There was superseding and intervening conduct, negligence and acts of others, including the Plaintiff, Plaintiff's insured, and other unknown parties, that was the proximate cause of the accident at issue.

3. The comparative fault of Plaintiff and/or Plaintiff's insured is greater than the aggregate fault of all other persons allegedly responsible for the subject incident, whether or not parties to the action, and, therefore, non-economic damages should not be awarded.  MCL 600.2959.

11

4. Plaintiff's claims are barred in whole or in part of the failure to mitigate damages.

5. Plaintiff's Complaint fails to state a cause of action for the reason that it fails to set forth the specific applicable standards of practice in the precise manner in which Defendant SEA allegedly deviated from those standards, and that Defendant SEA will seek a dismissal of the action.

6. Any damages sustained by Plaintiff herein were the sole and/or direct proximate result of acts or omissions on the part or parts of other persons and/or entities, whether parties or non-parties, such acts or omissions negating, superseding, or obviating any act or omission allegedly carried out by Defendant SEA.

7. Pursuant to MCL 600.6304, Defendant SEA is entitled to have the trier of fact determine the percentage of total fault of all of the parties, if any, regarding each claim made by Plaintiff and is further entitled to have the trier of fact consider both the nature of the conduct of each party found to be at fault, if any, and the extent of the causal relationship between the conduct and the damages claimed.

8. Defendant SEA reserves its rights to the full benefit and protection of any and all relevant portions of the Michigan Tort Reform Act

including, but not limited to, MCL 600.1483 through MCL 600.6455, inclusive.

9. Defendant SEA is entitled to a statutory set-off from any damages awarded to Plaintiff for economic losses which have been or may be paid or payable by any collateral source pursuant to MCL 600.6303 *et seq*.

10. The incident described in Plaintiff's Complaint was not the proximate cause of the injuries or damages alleged by Plaintiff as said injuries or damages existed prior to the date alleged in Plaintiff's Complaint and said damages not being aggravated by the subject incident.

11. Plaintiff's claims may be barred by payment, release, prior judgment, accord and satisfaction or discharge, license, fraud, duress, estoppel, want or failure of consideration, the instrument or transaction is void, voidable, or cannot be recovered on by reason of statute or non-delivery, prior judgment, immunity granted by law, assumption of the risk, agreement to arbitrate, laches, assignment or other disposition of the claim before commencement of action.

12. Plaintiff's claims are barred by acceptance of services and specific consent.

13. Plaintiff was negligent or comparatively negligent, and/or guilty of active negligence thereby precluding its claims in part or in all.

14. Plaintiff's Complaint is barred by the applicable statute of frauds.

15. Defendant SEA denies it owed Plaintiff a duty, but if it is established Defendant SEA owed a duty, at all times, Defendant SEA observed all legal duties and all actions were careful, prudent, proper and lawful.

16. Plaintiff's claims are barred by the applicable statute of limitations.

17. Plaintiff's allegations of damages may not exceed the statutory cap, as modified by statute or adjusted to reflect the CPI.

18. Plaintiff's claims are barred by the specific provisions of any contract or agreement.

19. Plaintiff's claims are barred by the statute of repose.

20. Plaintiff's claims are barred because Defendant SEA and the product at issue complied with industry standards.

21. Plaintiff's claims are barred due to alteration of the product.

22. Plaintiff's claims are barred due to the doctrine of spoliation.

23. There were superseding and intervening conduct, negligence and acts of others, including the Plaintiff, including, but not limited to, abuse, misuse, failure to take proper precautions, and negligent maintenance.

24. Any damages sustained were the result of the Plaintiff's own acts or omissions in the failure to exercise reasonable care and caution, under the circumstances then and there existing.

25. Plaintiff lacks the legal capacity to sue.

26. Plaintiff's claims are barred by the doctrine of waiver.

27. Plaintiff's claims are barred because Defendant SEA did not know, and did not have reason to know, that the product was not of merchantable quality.

28. Plaintiff's claims are barred because Defendant SEA did not know, and did not have reason to know, of any defects inherent in the design and/or manufacture of the product.

29. Plaintiff's claims are barred because Defendant SEA did not violate any expressed and/or implied warranties and the product was reasonably fit for its intended, anticipated or reasonably foreseeable use.

30. Plaintiff's claims are barred because the product was reasonably safe at the time it left the control of Defendant SEA.

31. Plaintiff's claims are barred because Defendant SEA did not breach any implied/expressed warranty of fitness/merchantability.

32. Plaintiff's claims are barred because Defendant SEA complied with all state and federal laws.

15

33. Plaintiff's claims are barred because Defendant SEA's actions did not constitute gross negligence.

34. Plaintiff's claims are barred because any production of the product was in accordance with the generally recognized and prevailing nongovernmental standards in existence at the time the specific unit of the product was sold or delivered by Defendant SEA.

35. Plaintiff's claims are barred because Defendant SEA did not supply or sell a dangerous or defective product.

36. Plaintiff's claims are barred because Defendant SEA provided adequate warnings and instructions to notify of the appropriate method to use the product.

37. Any acts performed by Defendant SEA were with the express or implied consent of the Plaintiff.

38. To the extent that Plaintiff and/or Plaintiff's insured altered or modified the product, recovery is barred.

39. The claims contained in Plaintiff's Complaint are precluded by a limitation of liability provision in the terms and conditions of sale that accompanied the subject product.

40. Defendant SEA disclaimed liability to the Plaintiff.

41. Plaintiff's claims are barred because the product at issue, if it was defective, was not defective when it left the possession of the Defendant SEA.

42. Plaintiff's claims fail because the product at issue was fit for the ordinary purposes for which such goods are used.

43. Defendant SEA did not make a representation or promise to the Plaintiff.

44. Plaintiff did not rely upon any promise or representation made by the Defendant SEA.

45. Defendant SEA is not liable to the Plaintiff due to any defense afforded to Defendant SEA pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*.

46. Defendant SEA is not liable to Plaintiff because it did not represent that the goods or services at issue were of a particular standard, quality, or grade, or that goods are of a particular style or model, when in fact the good or services at issue were of another.

47. Defendant SEA's disclaimer of liability of implied warranty of merchantability and fitness for use, were clearly and conspicuously disclosed.

48. Defendant SEA never made any oral representations to the Plaintiff.

49. Defendant SEA made a good faith effort to provide any promised benefits of the product at issue.

50. Defendant SEA reserves the right to file such additional affirmative defenses as they may become known during the course of investigation and discovery.

### DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S DEMAND FOR JURY TRIAL

Defendant, Samsung Electronics America, Inc. ("SEA" or "Defendant"), by and through its attorneys, Valerie H. Mock, and Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, hereby makes a demand for a trial by jury of each and every matter at issue in the above-entitled cause.

Respectfully submitted,

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP

*/s/Valerie Henning Mock*
Valerie Henning Mock (P55572)
Attorneys for Defendant Samsung
17197 N. Laurel Park Drive, Ste. 201
Livonia, Michigan 48152
(313) 327-3100

Dated: May 9, 2025          valerie.mock@wilsonelser.com

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause by USDC Eastern District of CM/ECF system on May 9, 2025.

By: */s/Rhoda Haick*
    RHODA HAICK

312121023v.1